IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN EDWARDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 15 C 6935 |
| | ) |
| COOK COUNTY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

In August 2014, Steven Edwards ("Edwards") was arrested and detained for five days on a warrant that had been executed and disposed of over two years earlier. Edwards has sued Cook County, among other state actors, for failing to train and supervise the employees who were responsible for updating two databases where arrest warrant information is shared among local law enforcement.

Before me is Cook County's motion to dismiss Edwards's *Monell* claim (Count V) on the ground that he has not identified a policy or custom that caused his constitutional rights to be violated. I deny Cook County's motion for the reasons stated below.

I.

As a condition of discharging a ticket he received for driving on a suspended license, Edwards was ordered to complete

1

forty hours of work release. Am. Compl. at ¶ 13. Edwards violated that condition, which triggered the issuance of a warrant for his arrest in September 2008. *Id*. at ¶ 14. Edwards was arrested in March 2012 and brought before a Cook County Circuit Court judge who revoked his conditional discharge and sentenced him to seven days in jail. *Id*. at ¶¶ 15-16, 34.

Edwards served his jail sentence, which disposed of his original ticket for driving on a suspended license. *Id*. at ¶ 16. The disposition of Edwards's case, however, was not entered in the Cook County Circuit Court's ticket activity system or the Law Enforcement Agencies Data System ("LEADS") that local police departments use to share information. *Id*. at ¶¶ 18-19.

On August 8, 2014, Edwards was arrested by two Chicago police officers based on the September 2008 warrant that had been executed over two years earlier. *Id*. at ¶¶ 21-24. Edwards told the arresting officers that the warrant was no longer valid, but they did not believe him. *Id*. at ¶ 22. After being processed at a Chicago police station, Edwards was transferred to the Cook County jail at 26th Street and California Avenue. *Id*. at ¶ 32. Edwards remained in jail until August 12, 2014, when he was brought before a Cook County Circuit Court judge in Rolling Meadows. *Id*. at ¶ 34. The judge recognized that Edwards's case had been disposed of in March 2012 and quashed

the underlying arrest warrant. *Id*. Edwards was released from jail the next day. *Id*.

## II.

Edwards has sued Cook County, among other defendants, for failing to train and supervise the employees who were responsible for updating the ticket activity system and the LEADS database used to share information among local police departments. Edwards's two claims against Cook County are based on principles of supervisory liability (Count III) and *Monell* liability (Count V).

Cook County has moved to dismiss Count V on the ground that Edwards fails to identify a policy or custom that caused his constitutional rights to be violated.[1] According to the County, Edwards has made only a boilerplate allegation about unspecified "de facto policies" that led to his arrest and detention. Am. Compl. at ¶¶ 17, 74. The County also faults Edwards for not identifying a pattern of similar constitutional violations (which would be suggestive of a policy or custom) or a single incident that was the "highly predicable consequence" of a particular policy or custom. *Bd. of Cty. Commr's of Bryan Cty.,*

---

[1] The County has not made any arguments directed at Edwards's supervisory liability claim (Count III), which is governed by the principles articulated in *Chavez v. Ill. State Police*, 251 F.3d 612, 650-51 (7th Cir. 2001).

3

*Okla. v. Brown*, 520 U.S. 397, 409 (1997 (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390 n.10 (1989)).

The County's assertion that Edwards has made only unspecified allegations about "de facto policies" is false. Edwards plainly alleges that the County's policy or custom of "failing to supervise, train, instruct, and discipline police officers and officers of the court" on recording information in the ticket activity system and LEADS database led to the violation of his constitutional rights. Am. Compl. at ¶¶ 74, 80-81. The County's failure to train and supervise its employees in this respect constitutes a policy or custom if it "amount[s] to 'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.'" *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (quoting *Canton*, 489 U.S. at 388).

*Connick* describes two ways Edwards can show the County's deliberate indifference to his constitutional rights: (1) through "[a] pattern of similar constitutional violations by untrained employees" or (2) by establishing that his false arrest and illegal detention were "highly predictable consequence[s]" of failing to train and supervise County employees on their record-keeping responsibilities. *Id*. at 62-64. At the pleading stage, however, Edwards is not required to choose between these two methods of proving deliberate

indifference.  He is also not required to plead a prima facie case under either proof framework.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).

With regard to the pattern method of showing deliberate indifference, the County has not cited any cases in which a *Monell* claim was dismissed because the plaintiff failed to allege a pattern of constitutional violations.  To the contrary, the County inadvertently cites a case in which the Seventh Circuit criticized a district court for requiring a complaint to contain more specificity about pattern evidence.  *See Jackson v. Marion Cty.*, 66 F.3d 151, 152-53 (7th Cir. 1995).  The County's other cases regarding pattern evidence are unhelpful because they were decided at the summary judgment stage rather than on a motion to dismiss.  *See Grieveson v. Anderson*, 538 F.3d 763, 774 (7th Cir. 2008); *Estate of Moreland v. Dieter*, 395 F.3d 747, 760 (7th Cir. 2005).

The other method Edwards might use to establish *Monell* liability turns on whether the alleged violation of his constitutional rights was a "highly predictable consequence" of the County's failure to train and supervise employees who were responsible for maintaining accurate warrant records.  *Bryan Cty.*, 520 U.S. at 409.  The County appears to believe that *Connick* precludes Edwards from relying on the so-called "single incident" theory of *Monell* liability.  *Connick* held that

5

"recurring constitutional violations are not the 'obvious consequence' of failing to provide prosecutors with formal in-house training about how to obey the law" because their legal training and ethical obligations enable them to make legal judgments about what *Brady* requires. 563 U.S. at 66-67 (quoting *Bryan Cty.*, 520 U.S. at 409). This case is nothing like *Connick*. While it may not be obvious that licensed attorneys will repeatedly violate *Brady* unless they receive hands-on training and supervision, it is foreseeable that failing to train and supervise non-lawyers who are responsible for maintaining warrant records will result in citizens like Edwards being arrested on old warrants and detained for several days until a state judge quashes the warrant.

III.

Cook County's motion to dismiss is DENIED for the reasons stated above.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: February 19, 2016